UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BETHLEHEM CHRISTIAN FELLOWSHIP, INC., ET AL | : | CIVIL ACTION NO.  3:01CV1833 (RNC) |
| VS. | : | |
| TOWN OF MORRIS, ET AL | : | JUNE 21, 2004 |

**JOINT TRIAL MEMORANDUM**

In accordance with the Standing Order Regarding Trial Memoranda in Civil Cases and the Court's Joint Trial Memorandum Instructions in Non-jury Cases, the parties submit the following information:

**1.    TRIAL COUNSEL**

For the plaintiffs, Bethlehem Christian Fellowship, Inc., Gary Fenn, Ronald W. Nevers and Frederick Byerly:

Kenneth R. Slater, Jr., Esq.
Halloran & Sage, LLP
225 Asylum Street
One Goodwin Square
Hartford, CT  06103
(860) 297-4662

For the defendants, Town of Morris, Town of Morris Planning and Zoning Commission, David Wiig, Richard Grinvalsky, Roger Watts, Tamera Moritz, Christine Bochicchio, Richard Van Nesse, and Kim Dore:

Steven E. Byrne, Esq.
Byrne & Byrne
790 Farmington Avenue
Building 2B
Farmington, CT  06032-2318

1

(860) 677-7355.

2. **JURISDICTION**

Original jurisdiction over the federal claims exists pursuant to 28 U.S.C. §§1331, 1343 and 1367 and supplemental jurisdiction over the state law claims exists pursuant to 28 U.S.C. § 1367. Jurisdiction over the claims for declaratory judgment arise pursuant to 28 U.S.C. § 2201 *et seq.*

3. **LENGTH OF TRIAL**

Three days.

4. **FURTHER PROCEEDINGS**

With permission of the court, the filing of summary judgment motions.

5. **NATURE OF CASE**

This action was filed seeking a variety of remedies arising from a dispute regarding the plaintiffs' efforts to build and use a house of worship on property in Morris, Connecticut. The plaintiffs' complaint requests injunctive relief ordering the Defendant Town of Morris Planning and Zoning Commission ("Commission") to issue special permit and site plan approvals to authorize the plaintiffs to construct and use the house of worship proposed by the plaintiff, Bethlehem Christian Fellowship, Inc. ("Fellowship"). The plaintiffs seek a declaratory judgment declaring that certain amendments to Section 21 of the Morris Zoning Regulations adopted during 1999 and imposing additional restrictions on regarding proposed houses of worship are null and void and that certain actions of the defendants violated state and federal statutory and

constitutional law.  The plaintiffs also seek an award of just compensation, costs and attorneys' fees.

The plaintiffs' initial efforts to seek approvals to establish the house of worship were denied on October 15, 1997.  That denial was the subject of an administrative appeal pursuant to state law.  The denial was initially upheld by the Superior Court but reversed by the State Appellate Court.

While the state appeal of the Commission's denial of it the initial applications was pending, the plaintiffs filed a revised application to attempt to address concerns raised during the Commission's review of the initial application.  The plaintiffs presented additional evidence in support of their application and expressly relied on the provisions of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc ("RLUIPA"), *et. seq.*, and its state counterpart, the Connecticut Act Concerning Religious Freedom, Conn. Gen. Stat. § 52-571 ("CACRF"), as legal principles applicable to the Commission's review of the application.   The Commission, through the individually named defendants, voted to again deny the request to establish the religious use on the property. This action followed.

During the pendency of this action, the Connecticut Appellate Court ruled the Commission acted illegally, arbitrarily and in abuse of its discretion when it denied the initial application presented by the Fellowship.  *Bethlehem Christian Fellowship, Inc. v. Planning and Zoning Commission of the Town of Morris*, 73 Conn. App. 442 (2002).  Following denial of its petition for certification to the Supreme Court.  *Bethlehem Christian Fellowship, Inc. v. Planning and Zoning Commission of the Town of Morris*,

3

262 Conn. 928 (2002), the Commission issued necessary land use approvals to the plaintiffs. Construction of the house of worship is underway.

As a result of the state proceeding, the plaintiffs' request for injunctive relief to establish the house of worship is moot. The remaining relief sought includes the declaratory relief regarding whether the amendments to Section 21 are void, and the requests for declaratory and damage relief and attorneys' fees regarding the actions of the defendants.

**6.** **STIPULATIONS AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

    A. **Stipulations Of Fact**

1. The Connecticut Appellate Court decision at 73 Conn. App. 442 (2002) attached hereto are stipulated by the parties as establishing facts regarding the February 5, 1997 application of the Bethlehem Christian Fellowship and the state law proceedings appealing that decision.

2. At the time of the Commission's consideration and denial of the February 5, 1997 application on October 15, 1997, the relevant portion of Section 21 of the Morris Zoning Regulations provided:

> SECTION 21 – RESIDENCE R-40 DISTRICT
>
> Permitted Uses:  . . .
>
> Special Exception Uses: . . .
>
> The following uses when conducted by a non-profit corporation and not as a business for profit: churches and places of worship; parish halls; schools; colleges; libraries; universities; general

       hospitals; cemeteries; and educational, religious,
philanthropic and charitable institutions. . .

3. On March 3, 1999, the Commission voted to amend Section 21 by adding the following language (in bold) that would prohibit houses of worship on properties adjoining municipal highways:

> SECTION 21 – RESIDENCE R-40 DISTRICT
>
> <u>Permitted Uses</u>: . . .
>
> <u>Special Exception Uses</u>: . . .
> The following use when conducted by a non-profit corporation and not as a business for profit: churches and places of worship; parish halls; educational, religious, philanthropic and charitable institutions subject to the following requirements.
>
> a. ***Minimum lot size 5 acres not including inland wetlands and watercourses.***
>
> b. ***Access to all building and facilities on the lot shall be from a state highway***
>
> c. ***Minimum setback for all buildings and parking areas on a lot shall be 100' from the street line and 75 feet from all other lot lines.***

4. Notice of the proposed amendment to Section 21 was published in the Waterbury Republican American.

5. The return of record submitted by the Commission to the Court constitutes certified copies or originals of all evidence presented to the Commission regarding the March 27, 2001 application filed by the Fellowship and documents reflecting the administrative proceeding on the application and

        the final decision of Commission.

        On December 30, 2002, the petition for certification for certificate to appeal the Appellate Court's decision ordering the Commission to issue site plan and special permit approvals to the Fellowship.

6. Approvals were issued to the Fellowship during 2003.

7. Construction of the house of worship is currently underway. Construction is expected to be completed this year.

    **B. <u>Stipulated Conclusions of Law</u>**

None. The defendant challenges the constitutionality of the RLUIPA and contests that the defendants violated state or federal law.

    **7. <u>PLAINTIFFS' CONTENTIONS</u>**

The plaintiffs contend that the Commissions' denial of the original application and the 2001 application where the defendant presented overwhelming evidence in support of its application both violated RLUIPA and CCARF. Although the Fellowship no longer seeks injunctive relief because it finally obtained land use approvals by way of its successful state law remedy of administrative appeal from the denial of the initial application, its seeks redress for the damages it suffered by the defendants' failure to follow state and federal statutes regarding religious land uses. The damages include the significant unnecessary expenses it incurred in an effort to address the Commission's asserted grounds for denial of the initial application and the significant legal costs and delays the plaintiffs incurred to obtain the land use approvals to which they were legally entitled at the onset.

In addition to demonstrating that the Commission's initial denial violated RLUIPA and CACRF, the plaintiffs content that overwhelming evidence was offered to demonstrate that the revised application should be approved. That evidence includes:

i. During that pubic hearing, evidence was presented to demonstrate that the proposed house of worship could be safety accessed by Sunday morning worshippers and by members of the Fellowship conducting weekly meetings at the site;

ii. A professional traffic engineer testified that the only accident that occurred on West Morris Road in a six-year period involved a drunken driver and testified that the proposed plan exceeded all state and local standards with respect to traffic safety and traffic congestion;

iii. Upon the request of the Fellowship that any member of the Commission disclose any personal knowledge of traffic safety problems at or near the site on West Morris Road, no member of the Commission disclosed having such knowledge;

iv. A licensed appraiser presented a comprehensive report demonstrating that houses of worship are frequently located in residential neighborhoods in Litchfield and Hartford counties and testified that he found no evidence to show that any existing house of worship in these counties resulted in an adverse impact on nearby residential property values.

In addition to seeking redress for damages caused by defendants' actions with respect to their land use approvals, the plaintiffs seek a declaratory ruling regarding the 1999 amendments adopted by the Commission in an effort to prevent the plaintiffs from seeking development approvals in the future.   Although no legal or factual basis supports a distinction between state and municipal highways for the purposes of land use regulation, the Commission adopted a regulation in March of 1999 that would prohibit the establishment of houses of worship on any property located on a municipal highway in Morris.   Although myriad substantive bases exists to challenge that regulation, including on substantive due process and equal protection grounds, the plaintiffs challenge the amendment on the ground that statutorily required notice of the proposed regulation amendment was not published in accordance with state law.

### 8.    **DEFENDANTS' CONTENTIONS**

Both special permit applications submitted by the plaintiffs were substantially similar in that they both sought to gain approval to construct a 4000 square foot structure to be used as a church.  Both applications provided for similar access, parking, exterior lighting and building design.  The commission was acting within sound reason when it decided to deny the second application, especially when the state superior court had already upheld its earlier denial.  Nothing in the additional evidence submitted by the plaintiffs in the second application could change the simple fact that the plaintiffs came back before the commission with the same application which it had already denied.  While new evidence may have been presented, no substantial changes were made.  The plaintiffs were simply taking another bite of the apple.

In order to find that a violation of federal rights has occurred, either under RLUIPA or First Amendment jurisprudence, the plaintiffs must first show that the denial of its application imposed a substantial burden on their ability to exercise their religious beliefs.  Under recent federal appellate decisions, a land-use regulation that imposes a substantial burden on religious exercise is one that necessarily bears direct, primary, and fundamental responsibility for rendering religious exercise effectively impracticable.  It must be more than an inconvenience and it does not include the usual delays and expenses associated with the land use process.  Since the plaintiffs had available another meeting facility during the course of this process and the purpose of the new church was to simply meet their desire to improve the style in which they met to exercise their religion, they cannot meet this threshold test.  Nor can it meet the threshold test required by CACRF where it needs to be shown that a burden was imposed.  Again, no actionable burden occurred to the plaintiffs as a result of any actions taken by the commission.

Even in they could meet the above mentioned threshold tests, the action taken by the commission was the least restrictive means of serving the compelling interests of the town.  It is undisputed that local governments have a compelling interest in protecting the health and safety of their communities through the enforcement of the local zoning regulations.  Protecting this interest through the use of zoning controls has been found to be the least restrictive means of accomplishing this goal.

RLUIPA and CACRF are unconstitutional as they both violate the Establishment Clause of the U.S. Constitution by providing religious uses with special rights that are

denied to secular uses. CACRF is unconstitutional in a further way, because it requires strict scrutiny even when the law only places an incidental or de minimis burden on religious conduct. Second, RLUIPA is an unconstitutional exercise of Congress's enforcement powers under the Fourteenth Amendment as there is simply no history of widespread and persisting discrimination against religious uses by local and state governments, and therefore there is no justification for Congress to enact this law to remedy phantom violations.

Third, Congress, by enacting RLUIPA, violated the Separation of Powers doctrine by attempting to define the rights contained in the Constitution and by taking over the judiciary's primary obligation of assigning burdens of proof and persuasion. Fourth, this federal intervention into the local land use arena intruded into a traditional area of state authority thus violating the inherent limits of federalism.

**9. WITNESSES**

**Witnesses Likely To Testify:**

**Plaintiff**:

Gary Fenn
148 Isaiah Smith Lane
Morris, Connecticut

Gary Fenn is expected to testify concerning the history, purpose and mission Bethlehem Christian Fellowship, Inc. He is expected to testify regarding his role with regard to the Fellowship's effort to locate and develop and site as a house of worship to serve the Fellowship. He is expected to testify regarding the actions of the defendant Commission and its members with respect to its applications establish a house of

worship. He is also expected to testify regarding the impacts of the actions of the defendants on the Fellowship and its members including the interference with their ability to fully exercise their right to worship and the resources devoted to the legal challenges to obtain land use permits to construct the house of worship.

    Ronald W. Nevers
    109 Todd Hill Road
    Bethlehem, Connecticut

    Ronald Nevers is expected to testify concerning the history, purpose and mission Bethlehem Christian Fellowship, Inc. He is expected to testify regarding his role with regard to the Fellowship's effort to locate and develop and site as a house of worship to serve the Fellowship. He is expected to testify regarding the actions of the defendant Commission and its members with respect to its applications establish a house of worship. He is also expected to testify regarding the impacts of the actions of the defendants on the Fellowship and its members including the interference with their ability to fully exercise their right to worship and the resources devoted to the legal challenges to obtain land use permits to construct the house of worship.

    Frederick N. Byerly
    171 Wykeham Road
    Washington, Connecticut

    Fred Byerly is expected to testify concerning the history, purpose and mission Bethlehem Christian Fellowship, Inc. He is expected to testify regarding his role with regard to the Fellowship's effort to locate and develop and site as a house of worship to serve the Fellowship. He is expected to testify regarding the actions of the defendant

Commission and its members with respect to its applications establish a house of worship. He is also expected to testify regarding the impacts of the actions of the defendants on the Fellowship and its members including the interference with their ability to fully exercise their right to worship and the resources devoted to the legal challenges to obtain land use permits to construct the house of worship.

**Defendants**:

David Wiig
141 Benton Road
Morris, Connecticut

David Wiig is expected to testify regarding his actions as a member of the Morris Planning & Zoning Commission in reviewing and denying applications by Bethlehem Christian Fellowship, Inc. to establish a house of worship. He is expected to testify that did not consider or apply the standards of RLUIPA or CACRF when considering whether to approve the applications presented by Bethlehem Christian Fellowship, Inc. and that he did not entertain the possibility of approving the revised application regardless of the evidence presented in support of that application during the hearing held during 2001.

Richard Grinvalsky
210 Stoddard Road
Morris, Connecticut

Richard Grinvalsky is expected to testify regarding his actions as a member of the Morris Planning & Zoning Commission in reviewing and denying applications by Bethlehem Christian Fellowship, Inc. to establish a house of worship. He is expected to

testify that did not consider or apply the standards of RLUIPA or CACRF when considering whether to approve the applications presented by Bethlehem Christian Fellowship, Inc. and that he did not entertain the possibility of approving the revised application regardless of the evidence presented in support of that application during the hearing held during 2001.

    Roger Watts
    34 Wes Morris Road
    Morris, Connecticut

    Roger Watts is expected to testify regarding his actions as a member of the Morris Planning & Zoning Commission in reviewing and denying applications by Bethlehem Christian Fellowship, Inc. to establish a house of worship.  He is expected to testify that did not consider or apply the standards of RLUIPA or CACRF when considering whether to approve the applications presented by Bethlehem Christian Fellowship, Inc. and that he did not entertain the possibility of approving the revised application regardless of the evidence presented in support of that application during the hearing held during 2001.

    Tamera Moritz
    329 Litchfield Road
    Morris, Connecticut

    Tamera Moritz is expected to testify regarding her actions as a member of the Morris Planning & Zoning Commission in reviewing and denying applications by Bethlehem Christian Fellowship, Inc. to establish a house of worship.  She is expected to testify that did not consider or apply the standards of RLUIPA or CACRF when considering whether to approve the applications presented by Bethlehem Christian

Fellowship, Inc. and that she did not entertain the possibility of approving the revised application regardless of the evidence presented in support of that application during the hearing held during 2001.

    Christine Bochicchio
    285 Bantam Lake Road
    Morris, Connecticut

Christine Bochiccio is expected to testify concerning her actions as a member of the Morris Planning & Zoning Commission in reviewing and denying applications by Bethlehem Christian Fellowship, Inc. to establish a house of worship.  She is expected to testify that did not consider or apply the standards of RLUIPA or CACRF when considering whether to approve the applications presented by Bethlehem Christian Fellowship, Inc. and that she did not entertain the possibility of approving the revised application regardless of the evidence presented in support of that application during the hearing held during 2001.

    Richard Van Nesse
    207 Bantam Lake Road
    Morris, Connecticut

Richard Van Nesse is expected to testify concerning his actions as a member of the Morris Planning & Zoning Commission in reviewing and denying applications by Bethlehem Christian Fellowship, Inc. to establish a house of worship.  He is expected to testify that did not consider or apply the standards of RLUIPA or CACRF when considering whether to approve the applications presented by Bethlehem Christian Fellowship, Inc. and that he did not entertain the possibility of approving the revised

14

application regardless of the evidence presented in support of that application during the hearing held during 2001.

>Kim Dore
>59 Litchfield Road
>Morris, Connecticut

Kim Dore is expected to testify concerning her actions as a member of the Morris Planning & Zoning Commission in reviewing and denying applications by Bethlehem Christian Fellowship, Inc. to establish a house of worship.  She is expected to testify that did not consider or apply the standards of RLUIPA or CACRF when considering whether to approve the applications presented by Bethlehem Christian Fellowship, Inc. and that she did not entertain the possibility of approving the revised application regardless of the evidence presented in support of that application during the hearing held during 2001.

### 10.   TRIAL EXHIBITS

**Plaintiff:**

1. Return of Record from 1997 application.
2. Invoices of Eisenberg Anderson Michalik and Lynch dated:
    a. 3/31/1998
    b. 5/31/1998
    c. 6/30/1998
    d. 7/31/1998
    e. 8/31/1998

    f. 1/11/1999

    g. 1/31/1999

    h. 4/19/1999

    i. 4/30/1999

    j. 5/31/1999

    k. 6/30/1999

    l. 2/28/2001

    m. 1/31/2001

    n. 2/28/2001

    o. 2/28/2001

    p. 3/31/2001

    q. 5/11/2001

    r. 5/11/2001

    s. 5/31/2001

    t. 5/31/2001

    u. 6/30/2001

    v. 8/31/2001

    w. 8/31/2001

    x. 8/31/2001

3. Invoices of Bubaris Traffic Associates dated:

    a. 5/5/1997

    b. 8/7/1997

      c. 9/5/1997

      d. 5/11/2001

4. Invoices of Blume, Elbaum & Collins dated:

      a. 8/31/1997

      b. 11/30/1997

      c. 6/30/1997

      d. 6/30/1997

5. Thompson Architects Invoice dated 6/27/01

6. Traffic Engineering Solutions invoices dated

      a. 6/1/2001

      b. 6/29/2001

7. Points of Impact Invoice dated 11/1/01

8. Town of Morris Tax Invoice dated

      a. 7/1/2001

      b. 1/1/2002

      c. 7/1/2002

      d. 1/1/2003

9. Halloran & Sage invoices dated

      a. 7/17/2002

      b. 7/17/2002

      c. 10/23/2002

      d. 11/27/2002

    e. 12/19/2002

    f. 1/23/2003

    g. 2/25/2003

    h. 3/19/2003

    i. 3/19/2003

    j. 4/23/2003

    k. 4/23/2003

    l. 5/29/2003

    m. 6/19/2003

    n. 5/29/2003

    o. 7/31/2003

    p. 12/18/2003

    q. 2/27/2004

    r. 3/31/2004

    s. 1/14/2004

**Joint Exhibit**

    1. Legal notice of proposed amendment to Section 21 of the Morris Zoning Regulations

**11. <u>DEPOSITION TESTIMONY</u>**

None.

**12.   ANTICIPATED EVIDENTIARY PROBLEMS**

None.

| PLAINTIFFS, | DEFENDANTS |
|---|---|
| BY _____ | BY_____ |
| Kenneth R. Slater, Jr. | Steven E. Byrne |
| HALLORAN & SAGE LLP | BYRNE & BYRNE |
| Fed. Bar #ct09451 | Fed. Bar #ct10267 |
| One Goodwin Square | 790 Farmington Avenue |
| 225 Asylum Street | Building 2B |
| Hartford, CT 06103 | Farmington, CT 06032 |
| (860) 522-6103 | Tel.  (860) 677-7355 |

## **CERTIFICATION**

      This is to certify that on this 21st day of June, 2004, I hereby mailed a copy of the foregoing to:

Steven E. Byrne, Esq.
Byrne & Byrne
790 Farmington Avenue
Building 2B
Farmington, CT 06032-2318

                                                                       _____
                                                                         Kenneth R. Slater, Jr.

561234_1.DOC